UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-62068-CIV-ZLOCH

RAJRANIE RAMLAL,

    Plaintiff,

vs.                               **DEFAULT FINAL JUDGMENT**

FIRST REVENUE ASSURANCE, LLC,

    Defendant.
_____/

THIS MATTER is before the Court upon Plaintiff Rajranie Ramlal's Motion For Final Default Judgment (DE 10). The Court has carefully reviewed said Motion, the entire Court file and is otherwise fully advised in the premises.

Defendant First Revenue Assurance, LLC was duly served with a copy of the Summons and Complaint filed herein on October 29, 2010. See DE 4. It has failed to file an appropriate Motion or responsive pleading within the time prescribed by law. Default was previously entered against it on February 16, 2011. See DE 7. Plaintiff Rajranie Ramlal now moves for Default Final Judgment.

The well-pleaded allegations made in Plaintiff's Complaint (DE 1) are deemed to have been admitted by Defendant by virtue of its default. Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1277-78 (11th Cir. 2005)(citations omitted). Thus, the Court finds that Defendant made one or more telephone calls to Plaintiff that

were in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. <u>See</u> DE 1, ¶¶ 11-19. Plaintiff is entitled to recover statutory damages for Defendant's violation of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(2)(A). She seeks the statutory maximum of $1,000.00. <u>See</u> DE 10. However, the Court finds that the statutory maximum is not appropriately awarded in a case where the Plaintiff cannot resolve conclusively whether she received one call, or more than one call, in violation of the Act. <u>See</u> DE 10-1. The factors considered by the Court in determining the amount of liability under 15 U.S.C. § 1692k(a) include, among other relevant factors: "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1). Taking into consideration the relevant factors, the Court finds that an award of $500.00 is appropriate here.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. The Court has jurisdiction over the parties hereto and the subject matter herein;

2. Plaintiff Rajranie Ramlal's Motion For Final Default Judgment (DE 10) be and the same is hereby **GRANTED**;

3. Pursuant to Federal Rules of Civil Procedure 55 and 58, Default Final Judgment be and the same is hereby **ENTERED** in favor of Plaintiff Rajranie Ramlal and against Defendant First Revenue Assurance, LLC;

4. Plaintiff Rajranie Ramlal does have and recover from Defendant First Revenue Assurance, LLC the sum of $500.00 together with interest thereon at a rate of 0.26% per annum, for all of which let execution issue;

5. The Court shall retain jurisdiction solely for the purpose of entertaining a Motion For Attorney's Fees that comports with the dictates of Local Rule 7.3; and

6. To the extent not otherwise disposed of herein, all pending Motions are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___8th___ day of March, 2011.

/s/ William J. Z
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record

First Revenue Assurance, LLC
1200 South Pine Island Rd.
Plantation, FL 33324

3